UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMANDA CONTI,

    Plaintiff,

v.                                 Case No: 8:24-cv-00267-MSS-SPF

USAA CASUALTY INSURANCE
COMPANY,

    Defendants.
_____

**ORDER**

**THIS CAUSE** comes before this Court for consideration of Plaintiff's Motion to Remand. (Dkt. 11). Plaintiff seeks to remand this matter to state court because Plaintiff asserts Defendant's Notice of Removal is untimely and this Court lacks jurisdiction. Specifically, Plaintiff asserts Defendant filed its Notice of Removal more than 30 days after it received the initial pleading under 28 U.S.C. § 1446(b), and Defendant fails to establish the threshold $75,000 jurisdictional amount under § 1332(a). For the reasons that follow, the Court **DENIES** Plaintiff's Motion to Remand.

First, Defendant's Notice of Removal, (Dkt. 1), is timely. Under 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based[.]" Id. Interpreting § 1446(b), the Supreme Court has held "'a defendant's time to remove is

1

triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.'" Carter v. Frito-Lay, Inc., 144 F. App'x 815, 817 (11th Cir. 2005) (quoting Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999));[1] Morse, LLC v. United Wis. Life Ins. Co., 356 F. Supp. 2d 1296, 1298 (S.D. Fla. Feb. 3, 2005); see Murphy Bros., 526 U.S. at 356 (disapproving of the "receipt rule," under which the time to remove starts upon "receipt of a copy of the complaint, however informally, despite the absence of any formal service").

Plaintiff asserts the time for Defendant to file its notice of removal began when Plaintiff emailed Defendant a copy of the complaint on December 22, 2023, contemporaneously with filing the complaint in state court. (Dkt. 11 at 7). Defendant was not served with the complaint, however, until January 5, 2024. (Dkt. 1-6) Under the holding in Murphy Bros., the time for Defendant to file its notice of removal did not begin until January 5, 2024. Murphy Bros., 526 U.S. at 354. Accordingly, Defendant's Notice of Removal, filed January 29, 2024, is timely.

Second, Defendant's Notice of Removal sufficiently establishes the threshold amount-in-controversy of $75,000. Federal courts are courts of limited subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)

---

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited here, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

(citations omitted). A civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). A removing defendant bears the burden of proving the existence of federal jurisdiction. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Removal statutes are to be construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). In determining the jurisdictional amount, the court first starts with the complaint. Id. If the jurisdictional amount is not apparent from the face of the complaint, the court then looks to the notice of removal and considers evidence relevant to the jurisdictional amount at the time the case was removed. Id. In considering the removal notice and evidence, the court is permitted to make reasonable deductions and inferences. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061–62 (11th Cir. 2010). The court may use its judicial experience and common sense to determine whether the jurisdictional amount is present. Id.

Here, the allegations contained within the State Court Complaint establish Plaintiff seeks to recover more than $50,000 in damages for serious bodily injuries that are either permanent or continuing in nature. (Dkt. 1-1 at ¶ 1, 11). Additionally, Plaintiff's supplement to her pre-suit demand letter seeks more than $100,000 and sets forth a factual basis constituting more that mere puffery to support the demand for damages in that amount. (Dkt. 1-8 at 1, 9). While conclusory or general allegations in a notice of removal are generally insufficient to establish the jurisdictional amount for

federal court, this Court finds the level of detail in Defendant's Notice of Removal and exhibits attached thereto sufficient to establish the amount in controversy exceeds $75,000. See <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001).

The Court notes the Parties have not disputed that complete diversity exists between the Parties. Therefore, the Court finds remand is not warranted.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Remand, (Dkt. 11), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 26th day of February 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person